Petra Ann Parker
P.O.Box 351741
Los Angeles, California.  90035
~~Petra Ann Parker~~
Plaintiff in Pro Per



FILED
CLERK, U.S. DISTRICT COURT

01/29/2014

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION\

N/S

Petra Ann Parker

    Plaintiff
    vs.

Academic Advantage,
Youth Policy Institute
& Los Angeles Unified
School District
    Defendant(s)

Case No: **CV14-00177** MRP ( RZx )

**COMPLAINT FOR**:  Discrimination in Employ-Practices

**JURY TRIAL DEMANDED**

LODGED

## 1. JURISDICTION

1. This Court has jurisdiction under Violation of Title V11 of Civil Right 1964 as amended, and the Age Discrimination in Employment Act of 1967, as amened (28 U.S.C. & 1331).

## 2. VENUE

2. Venue is proper pursuant to 28 U.S.C. & 1391 because the events giving rise to this complaint happened in this district Los Angeles, California.

## 3. PARTIES

3. Plaintiff's name is Petra Ann Parker.  Plaintiff resides at:  P.O.Box 351741 Los Angeles, California.  90035   Phone: 323-809-7039

4. Defendant:  Academic Advantage.  5777 W. Century Blvd.  Suite 310 Los Angeles, California.  90045

5. Defendant:  Youth Policy Institute.  634 South Spring Street. 10th Flr.

1

Los Angeles, California.  90014

6.  Defendant:  Los Angeles Unified School District.  333 South Beaundry

Ave.  12th Flr.  Los Anbgeles, California  90066

# 4. STATEMENTS OF FACTS

In early November 2012, I contacted Academic Advantage about two (2) jobs. I found these two flyers at Work-Source Metro North Center/Goodwill Staffing. Location: 342 N. San Fernando Rd. Los Angeles, Ca., where EDD is located. I was there picking up a discount fare booklet for senior monthly pass on MTA bus transportation. The two jobs were: 1. Registration Representative, that I was qualified for and not considered. 2. Tutor K-12th grades. This program was for students enrolled in the Los Angeles Unified School District. The tutoring program is national in scope. Introduced by President George Bush Administration; No Child Left Behind. Major concentration ENGLISH and MATH.

I called to see if the two jobs were still available. I spoke two employees of Academic Advantage who started the hiring process for you. John and Yolanda. I was asked to file application on-line and send a resume. I filed applicaton on-line and faxed resume at the Work Source of California at Marina Del Rey office; where EDD is located. I was ordered to search for employment by EDD, and attend a job readiness prorgram at this office if I wanted to continue receive unemployment benefit payments. I begin to comply with EDD requirements in August 2012.

In December 2012, I contacted Academic Advantage on their 800 number to find out about the two jobs I applied for. I spoke to John Hall,who scheduled me for upcoming orientation sessions. On January 21, 2013 and the second session was scheduled rfor February 2, 2013. In attendance at each session I was the only African-American/Black female senior in attendance. The training material that was issued to each person was produced by the Los angeles Unified School Disrict. We were to learn and follow their rules and guidelines for administering the tutoring program. All of the students enrolled in program were students in attendance at the LAUSD on a regular year round schedule.

Youth Policy Institute were the instructors for the two orientation sessions. The program was to end April 30, 2013. The second session was instructed by a young Korean male in his 20's. In attendance along with myself were

1

three other females all of Hispanic decent.  Two women were young in 20's age group.  The third women was older maybe over 40 years of age.  We were asked to make a schedule, take ID pictures that were issued on the spot.  The two questions were asked, what language do you speak for me ENGLISH. Do you want to work with handicap children? Yes or No.  I stated no because I had no experience in this area.  Lastly, we were instructed to wait in lobby  for final instructions and first list of students to contact.  The progam was tutoring in late afternoon and evenings weekdays 2pm-8pm.  Weekend days 10am-8pm.  The two young woman were called in first for final intructions.  The older Hispanic woman and myself were seated in lobby.  After about 15 minutes I was instructed to leave by instructor I would be contacted.  I was hired treated differently than other employees.  I was never called by anyone from program.  This job paid  $17.00 per hour.  Independant contract was signed, a full set of fingerprints were taken during first session.  A copy of college transcripts were reqested.

By the actions and behavior of staff  I was discriminated against race, age and sex.

## First Cause of Action
## Discrimination Race-Direct Evidence

California law prohibits an employee from discriminating against an employee because of the employees Race. Cal. Gov't Code 12940; Ibarbia vs. Regents of University of California 191 Cal. qapp. 3d 1318, 1327, 237 CaL. Rptr. 92, 94 (1987), tITLE v11 OF THE cIVIL rIGHTS aCT O9F 1964 (42 USC 2000e et. seq.)and for Blacks: 42 U.S.C. 1981. Any person acting as an agent of an employer directly or indirectly is also covered by FEHA, Cal. Gov't Code 12926(d).

I was hired by Academic Advantage, Youth Policy Institute and LAUSD, as a tutor after school and on weekends to teach K-12th grade students attending public school that needed improvement in two area only ENGLISH and MATH. The program was introduced by then Presidenht George Bush; NO CHILD LEFT BEHIND PROGRAM that is national in focus.

All of the training material, teaching techiques, guidelines and students were provided and monitored by the Los Angeles Unified School District. I attended two orientations in preparation for this job instructed by Youth Policy Institute. I was the only African-American/Black female present in any age group. I was instructed by a young Hispanic, in her 20's first session in January 2013. I signed a contract as a self-employed worker at $17.00 per hour. I agreed to follow LAUSD guidelines, fingerprinted, transcripts from California State University were turned in as requested. It was from 20 to 30 persons in attendence. At second orientation session in February 2013, I was the only African-American/Black female present in any age group. As stated in formal complaint to EEOC, the instructor was of Asia, decent that gave the three women of Hispanic decent a great deal of attention by involving them in

1

direct conversation with him during the orientation session. During this orientation our ID pictures were taken and issued. We filled out a questionaire that asked: 1.What language do you speak? English  2. Do you want to work with handicap students? No. I had no experience in this area. Finally we were told to wait in lobby for final instructions and first list of student to contact. We were to call these students to find out if they were still interested in tutoring after school and/ weekends. The two younger Hispanic, females were called in first. A third female maybe over 40 sat in the lobby with me and Asian instructor. After about 15 minutes waiting the instructor ask me to leave. I would be contacted. It was already February 2013, the program ended April 30, 2013. I was never called others were hired for same job I applied for. I was hired and terminated at the same time. No logical explanation was given to date. I wasn't given opportunity to work as other three female Hispanic, were. I was discrimated against because of my race and language English. I was hired by Academic Advantage, Youth Policy Institute and LAUSD.

Disparate Treatment in terms of conditions or privilege of employment Cal. Gov't Code 12940(a)  Yanowitz v. L'Oreal, 36 CaL. 4th 1028 2005); 32 Cal. Rptr. 3d. 436; Ibarbia v. Regents of University of California 191 Cal. App. 3d 1318, 1327, 237 Cal. Rptr. 92 (1987).

Discriminatory Intent:  Direct evidence of Discriminatory Intent- I wasn't called right away too attend orienation sessions after filing application on-line and faxed resume. I had to call company about job. I was the only person sent home after being hired. Told I will call you. Others were retained. I was the only African-American/ Black that attended the two orientation sessions and was fired before I started to work.

2

McDonnell Douglas Corps v. Green 411 U.S. 792 (1973).  Mixon v. Fair
Employment and Housing Commission.  192 Cal. App. 3d. 1306, 1319, 237
Cal. Rptr. 884, 8902, (1987).

## Second Cause of Action

## Age Discrimination- Disparate Treatment

A employer violates California, law when the employer discriminates against an employee because of the employees age. Cal. Gov' t Code 12941 federal Age Discrimination in Employment Act of 1967 (ADEA). 29 USC 621 et. Seq. Age but for cause challenged. Adverse Employment Actions. FEHA protects employees over the age of 40 years old. Cal Gov 't Code 12926(b), 12941(a).

At the end of the second orientation session just before final instructions and list of first students to contact. I was asked to leave. I was told by instructor of second session someone would contact me. The other three woman where given final instructions and asked to stay by instructor. There was no other reason than age discrimination along with race discrimination. My job qualifications were acceptable and prior work experience. No one spoke to me about my qualifications. I was treated differently, asked to leave by young instructor, while two younger non-African-American /Black, females were retained and one women that may have been over 40 was retained. But for my race and age I would have had a job.

Intentional Discrimination Direct Evidence. McDonnell Douglas Corp. v. Green 411 U.S. 792 (1973), Mixon v. Fair Employment and Housing Commission. 192 Cal. App. 3d 1306, 1319, 237 Cal. Rptr. 884, 892 (1987).

A preponderance of evidence a causal connection between the employee's protected status and adverse employment decision.

Mixon v. Fair Employment and Housing Commission 192 Cal. App. 3d. 1306, 1319, 237 Cal. Rptr.884, 892, (1987). Ibarbia v. Regents of University of California, 191 Cal. App. 3d. 1318, 1327,-28, 237 Cal. Rptr. 92 (1987).

I was the only African-American/Black, female senior over 40 present in each orientation session. I was the only person asked to leave without final instructions and list of students to contact. The other three Hispanic females were

*1*

retained.  Two young women and one older woman were retained.  The employer showed a causal connection between age and race in his decision to retain other women.  Telling me to leave and never calling me to work but terminating me before I was allowed to work.

Prima Facia Age Discrimination:

1.  I Petra Ann Parker plaintiff over 60 years of age .
2.  I was hired and terminated in the same day.  Asked to go home.  I would be called.  No one ever called me.
3.  I was hired and qualified by prior job experience and education for position as tutor.  See resume attached.
4.  Three other women were hired also.  Two were under 40 years of age and one women may have been 40 years of age were retained to work in same position I applied for.

Smith v. IBEW,  109 Cal. App.  4th 1637, 1657 (2003);  Muzquiz  v. City of Emmeryville,  79 Cal. App. 4th 1106, 1116, 94 Cal. Rptr.  2d.  579  (2000).\

It is an unlawful employment practice for an employer to refuse to hire or employ or discharge, dismissed ---------------------------------------------any individual  over the age of 40 years on the grounds of age. Cal .  Gpv Code 12941(a) O'Connor v. Consolidation Coin Caterers Corp., 517 U.S. 308, 116 S. Ct. 1307 (1996).

My hire and sudden unexplained termination an adverse action by employer was specifically motivated, at least in part by my age. Hazen Paper Co.  v. Biggins, 507 U>S. 604, 608-14 (1993);  Marks v. Local Corp., 57 Cal. App. 4th 30,  68 Cal. Rptr.  2d. 1 (1997).

2

## Second Cause of Action

## Age Discrimination- Disparate Treatment

A  employer violates California, law when the employer discriminates against an employee because of the employees age.  Cal. Gov' t  Code 12941 federal Age Discrimination  in Employment Act of 1967 (ADEA).   29 USC 621 et. Seq.  Age but for cause challenged.  Adverse  Employment  Actions.  FEHA protects employees over the age of 40 years old.  Cal  Gov 't Code 12926(b), 12941(a).

At the end of the  second orientation session  just before final instructions and list of first students to contact.  I was asked to leave.  I was told by instructor of second session someone would contact me.  The other three woman where given final instructions and asked to stay by instructor.  There was no other reason than age discrimination along with race discrimination.  My job qualifications were acceptable and prior work experience.  No one spoke to me about my qualifications.  I was treated differently, asked to leave by  young  instructor, while two younger non-African-American /Black, females were retained and one women that may have been over 40 was retained.  But for my race and age I  would  have had a  job.

Intentional Discrimination Direct  Evidence.  McDonnell  Douglas Corp. v. Green 411 U.S. 792 (1973),  Mixon  v. Fair Employment and Housing Commission.  192 Cal. App. 3d 1306, 1319, 237 Cal. Rptr.   884,  892 (1987).

A preponderance of evidence a causal connection between the employee's protected status and adverse employment decision.

Mixon  v. Fair Employment and Housing Commission 192 Cal. App. 3d. 1306, 1319, 237 Cal.  Rptr.884, 892, (1987).  Ibarbia v. Regents of University of California,  191 Cal. App. 3d. 1318, 1327,-28, 237 Cal. Rptr. 92 (1987).

I was the only African-American/Black, female senior over 40 present in each orientation session.  I was the only person asked to leave without  final instructions and list of students to contact.  The other three Hispanic females were

retained. Two young women and one older woman were retained. The employer showed a causal connection between age and race in his decision to retain other women. Telling me to leave and never calling me to work but terminating me before I was allowed to work.

Prima Facia Age Discrimination:

1. I Petra Ann Parker plaintiff over 60 years of age .
2. I was hired and terminated in the same day. Asked to go home. I would be called. No one ever called me.
3. I was hired and qualified by prior job experience and education for position as tutor. See resume attached.
4. Three other women were hired also. Two were under 40 years of age and one women may have been 40 years of age were retained to work in same position I applied for.

Smith v. IBEW, 109 Cal. App. 4th 1637, 1657 (2003); Muzquiz v. City of Emmeryville, 79 Cal. App. 4th 1106, 1116, 94 Cal. Rptr. 2d. 579 (2000).\

It is an unlawful employment practice for an employer to refuse to hire or employ or discharge, dismissed ------------------------------------------any individual over the age of 40 years on the grounds of age. Cal . Gpv Code 12941(a) O'Connor v. Consolidation Coin Caterers Corp., 517 U.S. 308, 116 S. Ct. 1307 (1996).

My hire and sudden unexplained termination an adverse action by employer was specifically motivated, at least in part by my age. Hazen Paper Co. v. Biggins, 507 U>S. 604, 608-14 (1993); Marks v. Local Corp., 57 Cal. App. 4th 30, 68 Cal. Rptr. 2d. 1 (1997).

4

## Second Cause of Action

## Age Discrimination- Disparate Treatment

A employer violates California, law when the employer discriminates against an employee because of the employees age. Cal. Gov' t Code 12941 federal Age Discrimination in Employment Act of 1967 (ADEA). 29 USC 621 et. Seq. Age but for cause challenged. Adverse Employment Actions. FEHA protects employees over the age of 40 years old. Cal Gov 't Code 12926(b), 12941(a).

At the end of the second orientation session just before final instructions and list of first students to contact. I was asked to leave. I was told by instructor of second session someone would contact me. The other three woman where given final instructions and asked to stay by instructor. There was no other reason than age discrimination along with race discrimination. My job qualifications were acceptable and prior work experience. No one spoke to me about my qualifications. I was treated differently, asked to leave by young instructor, while two younger non-African-American /Black, females were retained and one women that may have been over 40 was retained. But for my race and age I would have had a job.

Intentional Discrimination Direct Evidence. McDonnell Douglas Corp. v. Green

411 U.S. 792 (1973), Mixon v. Fair Employment and Housing Commission. 192 Cal. App. 3d 1306, 1319, 237 Cal. Rptr. 884, 892 (1987).

A preponderance of evidence a causal connection between the employee's protected status and adverse employment decision.

Mixon v. Fair Employment and Housing Commission 192 Cal. App. 3d. 1306, 1319, 237 Cal. Rptr.884, 892, (1987). Ibarbia v. Regents of University of California, 191 Cal. App. 3d. 1318, 1327,-28, 237 Cal. Rptr. 92 (1987).

I was the only African-American/Black, female senior over 40 present in each orientation session. I was the only person asked to leave without final instructions and list of students to contact. The other three Hispanic females were

retained. Two young women and one older woman were retained. The employer showed a causal connection between age and race in his decision to retain other women. Telling me to leave and never calling me to work but terminating me before I was allowed to work.

Prima Facia Age Discrimination:

1. I Petra Ann Parker plaintiff over 60 years of age .
2. I was hired and terminated in the same day. Asked to go home. I would be called. No one ever called me.
3. I was hired and qualified by prior job experience and education for position as tutor. See resume attached.
4. Three other women were hired also. Two were under 40 years of age and one women may have been 40 years of age were retained to work in same position I applied for.

Smith v. IBEW, 109 Cal. App. 4th 1637, 1657 (2003); Muzquiz v. City of Emmeryville, 79 Cal. App. 4th 1106, 1116, 94 Cal. Rptr. 2d. 579 (2000).\

It is an unlawful employment practice for an employer to refuse to hire or employ or discharge, dismissed ------------------------------------------any individual over the age of 40 years on the grounds of age. Cal . Gpv Code 12941(a) O'Connor v. Consolidation Coin Caterers Corp., 517 U.S. 308, 116 S. Ct. 1307 (1996).

My hire and sudden unexplained termination an adverse action by employer was specifically motivated, at least in part by my age. Hazen Paper Co. v. Biggins, 507 U>S. 604, 608-14 (1993); Marks v. Local Corp., 57 Cal. App. 4th 30, 68 Cal. Rptr. 2d. 1 (1997).

## Second Cause of Action

## Age Discrimination- Disparate Treatment

A  employer violates California, law when the employer discriminates against an employee because of the employees age.  Cal. Gov' t Code 12941 federal Age Discrimination  in Employment Act of 1967 (ADEA).  29 USC 621 et. Seq.  Age but for cause challenged.  Adverse  Employment  Actions.  FEHA protects employees over the age of 40 years old.  Cal  Gov 't Code 12926(b), 12941(a).

At the end of the  second orientation session  just before final instructions and list of first students to contact.  I was asked to leave.  I was told by instructor of second session someone would contact me.  The other three woman where given final instructions and asked to stay by instructor.  There was no other reason than age discrimination along with race discrimination.  My job qualifications were acceptable and prior work experience.  No one spoke to me about my qualifications.  I was treated differently, asked to leave by  young  instructor, while two younger non-African-American /Black, females were retained and one women that may have been over 40 was retained.  But for my race and age I would  have had a  job.

Intentional Discrimination Direct  Evidence.  McDonnell  Douglas Corp. v. Green

411 U.S. 792 (1973),  Mixon  v. Fair Employment and Housing Commission.  192 Cal. App. 3d 1306, 1319, 237 Cal. Rptr.  884,  892 (1987).

A preponderance of evidence a causal connection between the employee's protected status and adverse employment decision.

Mixon  v. Fair Employment and Housing Commission 192 Cal. App. 3d. 1306, 1319, 237 Cal.  Rptr.884, 892, (1987).  Ibarbia v. Regents of University of California,  191 Cal. App. 3d. 1318, 1327,-28, 237 Cal. Rptr. 92 (1987).

I was the only African-American/Black, female senior over 40 present in each orientation session.  I was the only person asked to leave without  final instructions and list of students to contact.  The other three Hispanic females were

7

retained.  Two young women and one older woman were retained.  The employer showed a causal connection between age and race in his decision to retain other women.  Telling me to leave and never calling me to work but terminating me before I was allowed to work.

Prima  Facia  Age Discrimination:

1.  I Petra Ann Parker plaintiff over 60 years of age .
2.  I was hired and terminated in the same day.  Asked to go home.  I would be called.  No one ever called me.
3.  I was hired and qualified by prior job experience and education for position as tutor.  See resume attached.
4.  Three other women were hired also.  Two were under 40 years of age and one women may have been 40 years of age were retained to work in same position I applied for.

Smith v. IBEW,  109 Cal. App.  4th 1637, 1657  (2003);  Muzquiz  v. City of Emmeryville,  79 Cal. App. 4th 1106, 1116, 94 Cal.  Rptr.  2d.  579  (2000).\

It is an unlawful employment practice for an employer to refuse to hire or employ or discharge, dismissed ------------------------------------------any individual  over the age of 40 years on the grounds of age.  Cal .  Gpv Code 12941(a) O'Connor v. Consolidation Coin Caterers Corp., 517 U.S. 308, 116 S. Ct. 1307 (1996).

    My hire and sudden unexplained termination an adverse action by employer was specifically motivated, at least in part by my age.  Hazen Paper Co.  v. Biggins, 507 U>S. 604, 608-14 (1993);  Marks v. Local Corp., 57 Cal. App. 4th 30,  68 Cal. Rptr.  2d. 1 (1997).

8

## Petra Ann Parker

pap092749@gmail.com
### P.O. Box 351741 Los Angeles, Ca.  90035

**Real Estate Broker, Administrator, Bussiness-Owner, Trainer**
From **1980** through **2012** I have worked in the real estate industry as an
agent, broker and business owner-operator.  I have developed the companies
training manual, policy and procedures manual and marketing  plan. These
positions have taught me many jobs:  Writing contracts, interviewer,
negoitator, marketing, analzye property values, develop markets, managment,
time management, planning, appointment setting. cold calling, computers and
many other detail oriented, speaking and listening task.  My effort is to apply
this work experience into other employment where applicable.
**Demonstrator   KDS Marketing   Azusa, Ca.     2010-2011**
Demonstrate food products in various grocery stores in the southern
California, area.  Prepare simply recipes on site, issue coupons, samples, sell
product, take inventory.
**Appointment Setter    Top Construction  Glendale, Ca.  2010**
Telemarket for construction company.  Make appointments with homeowners
for home improvement projects.
**Field Representative    Care-Southern Ca. Gas Company  Moreno
Valley, Ca.                                              2009**
Contact large appartment complexes, single family residence, senior centers.
Interview residents and qualify for 20% discount on monthly gas bill.
**Education:**
Kaplan Professional School  Encino, Ca. Real Estate BrokerReview-License
Lumbleau Real Estate School for Calif. Dallas, Texas. Real Estate Brokerage
California Real Estate School Cerritos, Ca.  Agent Courses-License
Donaldson Real Estate School  New Orleans, La.  Agent Courses- License
Donaldson Real Estate School   New Orleans, La. Broker Courses-License
California State University at Los Angeles, California.   BS Degree

1

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Petra A. Parker<br>P.O. Box 351741<br>Los Angeles, CA 90035 | From: | Los Angeles District Office<br>255 E. Temple St. 4th<br><br>Los Angeles, CA 90012 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 480-2013-03317 | LaTayna X. Valentine,<br>Intake Supervisor | | (213) 894-1090 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  |  |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit** may not be collectible.

On behalf of the Commission

_LaTayna Valentine_                    _10/24/2013_

**Rosa M. Viramontes,**
**Acting District Director**                    (Date Mailed)

Enclosures(s)

cc:    **Mandy Dunlap**
       **Human Resources**
       **YOUTH POLICY INSTITUTE**
       **634 S, Spring Street, 10th Floor**
       **Los Angeles, CA 90014**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GOVERNOR EDMUND G. BROWN, JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TTY 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

| | |
|---|---|
| | EEOC Number:  480-2013-03317 |
| Mandy Dunlap | Case Name      Petra A. Parker |
| Human Resources | Filing Date     September 26, 2013 |
| Youth Policy Institute | |
| 634 S. Spring Street, 10th Floor | |
| Los Angeles, CA 90014 | |

## NOTICE TO COMPLAINANT AND RESPONDEN

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC office nearest to you.

|  |  |
|---|---|
| EEOC Northern California | EEOC Southern California |
| 350 The Embarcadero, Suite 500 | 255 East Temple Street, 4th Floor |
| San Francisco, CA 94106 | Los Angeles, CA 90012 |
| (415) 625-5600 | (213) 894-1100 |

DFEH-200-02 (07/13)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 480-2013-03317 |

**California Department Of Fair Employment & Housing**  and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Petra A. Parker** | **(323) 503-7544** | **09-27-1949** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 351741, Los Angeles, CA 90035** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **YOUTH POLICY INSTITUTE** | **15 - 100** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **634 South Spring Street, 10th Floor  Los Angeles, CA 90014** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

| ☒ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☐ RETALIATION | ☒ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | | | | |

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **01-21-2013** | **04-30-2013** |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about November 1, 2012, I contacted Academic Advantage about two jobs openings I became aware of through Work Source. ~~Tutoring~~ *Training Materials* Training Materials were provided by the Youth Policy Institute. The two positions were Registration Representative and Tutor. On or about December 1, 2012, I contacted Academic Advantage as to why I had not been contacted about the two positions. I spoke with John Hall, Representative from Academic Advantage who invited me for two upcoming orientation sessions scheduled for January 21, 2013 and February 2, 2013. I attended both sessions. There were about 30 persons in attendance at the two orientation sessions. A manual guideline for the program was handed out. Those in attendance appear to be under the age of forty and included both male and female. In the second orientation session, there were only four persons in attendance, which included three Hispanic females, and me, a senior Black female. At the end of the orientation those in attendance were instructed to sit in the lobby and wait for our names to be called by another staff member for final instructions. All of the Hispanics were called in for final instructions and given the first list of students for tutoring. While waiting for my name to be called, I was approached by an Asian, staff member who instructed me to go home and I would be contacted. The program ran from December 2012 through April 30, 2013. I was never contacted.

*(handwritten left margin, rotated)* Metro North Work Source Center (Bavowill Statkina and...

**RECEIVED**
SEP 26 2013

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| **09-16-2013** | *Petra Ann Parker* (signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|---|
| Date | Charging Party Signature | |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 480-2013-03317 |

**California Department Of Fair Employment & Housing**

_State or local Agency, if any_  and EEOC

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired

~~No reason was given for the denied hire.~~  ~~No one contacted me of my non-selection.~~
_P.A.P._
_P.A.P._

I believe that I have been discriminated against due to my race, Black, sex, female, which is in violation of Title VII of the Civil Rights Act of 1964, as amended, and my age, 64, which is in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED

SEP 26 2013

EEOC/LADO

INTAKE

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 09-16-2013<br>_Date_    _Petra Ann Parker_<br>_Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | | From: | |
|---|---|---|---|
| Petra A. Parker<br>P.O. Box 351741<br>Los Angeles, CA 90035 | | | Los Angeles District Office<br>255 E. Temple St. 4th<br><br>Los Angeles, CA 90012 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2013-03303 | LaTayna X. Valentine,<br>Intake Supervisor | (213) 894-1090 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_La Tayna Valentine_                                   11/30/13

Enclosures(s)                        **Rosa M. Viramontes,**                        (Date Mailed)
                                     **Acting District Director**

cc:    **Broussard Cheryl
       EEO Compliance
       LAUSD
       333 South Beaudry
       Los Angeles, CA 90017**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN, JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TTY 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Cheryl Broussard
EEO Compliance
LAUSD
333 South Beaudry Ave., 20th Floor
Los Angeles, CA 90017

EEOC Number:   480-2013-03303
Case Name        Petra A. Parker
Filing Date        September 26, 2013

## NOTICE TO COMPLAINANT AND RESPONDEN

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC office nearest to you.

EEOC Northern California
350 The Embarcadero, Suite 500
San Francisco, CA 94106
(415) 625-5600

EEOC Southern California
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
(213) 894-1100

DFEH-200-02 (07/13)

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 480-2013-03303 |

**California Department Of Fair Employment & Housing** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Petra A. Parker** | **(323) 503-7544** | 09-27-1949 |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 351741, Los Angeles, CA 90035** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Los Angeles Unified School District** | **500 or More** | **(213) 241-7879** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **333 S. Beaudry Avenue, 12th Floor, Los Angeles, CA 90066** | | |

| Name | No. Employees, Members | Phone No *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

| | | Earliest | Latest |
|---|---|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | | 01-21-2013 | 04-30-2013 |
| ☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | | | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION | | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about November 1, 2012, I contacted Academic Advantage about two jobs openings I became aware of through Work Source. The training materials were provided by the Los Angeles Unified School District. The two positions were Registration Representative and Tutor. On or about December 1, 2012, I contacted Academic Advantage as to why I had not been contacted about the two positions. I spoke with John Hall, Representative from Academic Advantage who invited me for two upcoming orientation sessions scheduled for January 21, 2013 and February 2, 2013. I attended both sessions. There were about 30 persons in attendance at the two orientation sessions. A manual guideline for the program was handed out. Those in attendance appear to be under the age of forty and included both male and female. In the second orientation session, there were only four persons in attendance, which included three Hispanic females, and me. a senior Black female. At the end of the orientation those in attendance were instructed to sit in the lobby and wait for our names to be called by another staff member for final instructions. All of the Hispanics were called in for final instructions and given the first list of students for tutoring. While waiting for my name to be called, I was approached by an Asian, staff member who instructed me to go home and I would be contacted. The program ran from December 2012 through April 30, 2013. I was never contacted.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 09-16-2013     *Petra Ann Parker* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date     Charging Party Signature | INTAKE SEP 26 2013 |

Petra North Way K Source @ Parker / Goodwill Staffing and

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 480-2013-03303 |

**California Department Of Fair Employment & Housing**    and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

*I was hired,*

~~No reason was given for the denied hire.~~ *PAP* ~~No one contacted me of my non-selection~~ *PAP*

I believe that I have been discriminated against due to my race, Black, sex, female, which is in violation of Title VII of the Civil Rights Act of 1964, as amended, and my age, 64, which is in violation of the Age Discrimination in Employment Act of 1967, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 09-16-2013            Petra Ann Parker | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| *Date            Charging Party Signature* | EEOC LADO INTAKE  SEP  26  2013 |

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Petra A. Parker<br>P.O. Box 351741<br>Los Angeles, CA 90035 | From: | Los Angeles District Office<br>255 E. Temple St. 4th<br><br>Los Angeles, CA 90012 |
|---|---|---|---|

|  | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2013-02471 | **LaTayna X. Valentine,**<br>**Intake Supervisor** | **(213) 894-1090** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

| Enclosures(s) | *[signature]* | 10/24/2013 |
|---|---|---|
|  | **Rosa M. Viramontes,**<br>**Acting District Director** | *(Date Mailed)* |

cc:   **Human Resources Director**
**ACADEMIC ADVANTAGE**
**5777 W. Century Blvd. 3rd floor**
**Los Angeles, CA 90045**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN, JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I Videophone 916-226-5285 I TTY 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

| | |
|---|---|
| EEOC Number: | 480-2013-02471 |
| Case Name | Petra A. Parker |
| Filing Date | September 26, 2013 |

Human Director
Academic Advantage
5777 W. Century Blvd., 3rd Floor
Los Angeles, CA 90045

## NOTICE TO COMPLAINANT AND RESPONDEN

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC office nearest to you.

EEOC Northern California
350 The Embarcadero, Suite 500
San Francisco, CA 94106
(415) 625-5600

EEOC Southern California
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
(213) 894-1100

DFEH-200-02 (07/13)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 480-2013-02471 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Petra A. Parker** | Home Phone (Incl. Area Code)<br>**(323) 503-7544** | Date of Birth<br>**09-27-1949** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 351741, Los Angeles, CA 90035** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**ACADEMIC ADVANTAGE** | No. Employees, Members<br>**201-500** | Phone No. (Include Area Code)<br>**(310) 988-4080** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **5777 W. Century Blvd,  Suite 310,  Los Angeles, CA 90045** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: **01-21-2013**  Latest: **04-30-2013**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about November 1, 2012, I contacted Academic Advantage about two jobs openings I became aware of through Work Source. The two positions were Registration Representative and Tutor. On or about December 1, 2012, I contacted Academic Advantage as to why I had not been contacted about the two positions. I spoke with John Hall, Representative from Academic Advantage who invited me for two upcoming orientation sessions scheduled for January 21, 2013 and February 2, 2013. I attended both sessions. There were about 30 persons in attendance at the two orientation sessions. A manual guideline for the program was handed out. Those in attendance appear to be under the age of forty and included both male and female. In the second orientation session, there were only four persons in attendance, which included three Hispanic females, and me, a senior Black female. At the end of the orientation those in attendance were instructed to sit in the lobby and wait for our names to be called by another staff member for final instructions. All of the Hispanics were called in for final instructions and given the first list of students for tutoring. While waiting for my name to be called, I was approached by an Asian, staff member who instructed me to go home and I would be contacted. The program ran from December 2012 through April 30, 2013. I was never contacted.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| 09-16-2013   *Petra Ann Parker*<br>Date          Charging Party Signature | SEP 26 2013<br>INTAKE |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 480-2013-02471 |

California Department Of Fair Employment & Housing

*State or local Agency, if any*                                    and EEOC

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

~~I was hired.~~

~~No reason was given for the denied hire.  No one contacted me of my non-selection~~

I believe that I have been discriminated against due to my race, Black, sex, female, which is in violation of Title VII of the Civil Rights Act of 1964, as amended, and my age, 64, which is in violation of the Age Discrimination in Employment Act of 1967, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 09-16-2013 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

RECEIVED
SEP 2013
EEOC/LADO
INTAKE

## 5. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

For the charges of Discrimination in Employment Practices by defendant(s) Academic Advantage, Youth Policy Institute and Los Angeles Unified School District the plaintiff ask each defendant(s) the sum of $100,000,000.00. One-Hundred Million Dollars cash.

That these three defendant(s) be monitored for the duration and existence of the NO CHILD LEFT BEHIND PROGRAM. That their hiring practices be further investigated by the funding body the federal government. That minorities namely African-America/Black senior females be given an opportunity to work for this program. That the program not turn into a program or device to take money under false pretense. That non-English speaking tutors and pupils enrolled in the public school system be monitored and forced to speak English. That African-American/Black students in all schools K-12 grades be given equal opportunity to participate in program. That no applicant be forced to work with special education or special need children if not qualified to do so. That is for the safety and protection of these children.

01/02/2014

Petra Ann Parker.

Plaintiff in pro-per

# VII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: _01- 09- 2014_

Sign: _Petra Ann Parker_

Print Name: _Petra Ann Parker_

Plaintiff in pro per

**CIVIL COVER SHEET**

### I. (a) PLAINTIFFS ( Check box if you are representing yourself ☑ )

*Petra Ann Parker*

### DEFENDANTS ( Check box if you are representing yourself ☐ )

*Academic Advantage +*
*Youth Policy Institute +*
*Los Angeles Unified School District*

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

*P.O. Box 351741*
*Los Angeles, Ca. 90035*

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☑ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☑ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☑ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*Civil Rights Title VII Act 1964 as amended Age Discrimination Employment*
*Act 1967 as amended*

### VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☑ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**     Case Number: **CV14-00177**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☑ No <br><br> If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? <br> Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? <br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes ☑ No <br><br> If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C <br><br> ☐ only 1 answer in Column C and no answers in Column D <br><br> Your case will initially be assigned to the <br> **SOUTHERN DIVISION.** <br> Enter "Southern" in response to Question D, below. <br><br> If none applies, answer question C2 to the right. ➡ | ☐ 2 or more answers in Column D <br><br> ☐ only 1 answer in Column D and no answers in Column C <br><br> Your case will initially be assigned to the <br> **EASTERN DIVISION.** <br> Enter "Eastern" in response to Question D, below. <br><br> If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | A - Western Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ NO  ☑ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** *Peter Ann Parker*   DATE: 12-11-2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |