UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 14-00177 SJO (RZx)     DATE: August 6, 2014

TITLE: Petra Ann Parker v. Academic Advantage, et al.

================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** [Docket No. 21]

This matter is before the Court on Defendant Los Angeles Unified School District's ("Defendant" or "LAUSD") Motion to Dismiss ("Motion") *pro se* Plaintiff Petra Ann Parker's ("Plaintiff") Complaint ("Complaint"), filed on May 29, 2014, as it relates to Defendant. Defendants Academic Advantage and Youth Policy Institute did not join this Motion. On June 17, 2014, Plaintiff filed an Opposition, and on June 26, 2014, Defendant filed a Reply. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for June 30, 2014. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendant's Motion.

I.   FACTUAL AND PROCEDURAL HISTORY

The instant action arose out of the alleged discrimination by Academic Advantage, Youth Policy Institute, and Defendant against Plaintiff based on her race and age. (*See generally* Compl.,[1] ECF No. 3.) Plaintiff alleges the following facts.

Plaintiff identifies as an "African-American/Black" woman. (Compl. 9.) She is over 60 years old. (Compl. 9.) In November 2012, Plaintiff applied for the following positions with Academic Advantage: (1) Registration Representative, and (2) tutor for students in grades K-12 enrolled in LAUSD schools. (Compl. 3.) In December 2012, Plaintiff contacted Academic Advantage to inquire about the status of her application. (Compl. 3.) At that time, Academic Advantage's representative scheduled Plaintiff to attend tutoring orientation sessions on January 21, 2013 and February 2, 2013. (Compl. 3.) Plaintiff attended both sessions. (*See* Compl. 3-4.)

During these orientation sessions, administered by Youth Policy Institute, Plaintiff was the only "African-American/Black" female senior in attendance. (Compl. 3.) All training materials used in

---

[1] For ease of reference, pages in the Complaint are cited herein according to the page number on the filing stamp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 14-00177 SJO (RZx)</u>   DATE: <u>August 6, 2014</u>

these sessions were produced by Defendant, and tutors were required to abide by all of Defendant's rules and guidelines. (*See* Compl. 3.) Plaintiff submitted her college transcripts and completed a background check as requested. (*See* Compl. 5.) During the second orientation session, on February 2, 2013, Plaintiff was "hired" along with three younger Hispanic women. (*See* Compl. 6.) They were issued a photo identification card and asked to devise a work schedule. (Compl. 4.) At the end of the session, all four women were ordered to wait in the lobby to receive a list of students to tutor. (Compl. 4.)

The three younger Hispanic women received students to tutor, but Plaintiff did not. (*See* Compl. 4.) After waiting in the lobby for fifteen minutes, the orientation instructor asked Plaintiff to leave before she received a list of students to tutor. (Compl. 4.) He told Plaintiff that she would be contacted about the job, but she never was. (Compl. 4.) Plaintiff alleges that she, the only "African American/Black" senior woman, was "terminated" because of her race and age. (*See* Compl. 6.) Plaintiff points to the hiring of the three younger Hispanic women as an indication that her termination was the result of discrimination. (*See* Compl. 6.)

On January 29, 2014, Plaintiff filed a Complaint against Academic Advantage, Youth Policy Institute, and Defendant in this Court. (*See generally* Compl.) Plaintiff asserts two causes of action: (1) race discrimination in violation of Title VII ("Title VII") of the Civil Rights Act of 1964 ("Ground I") and the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 ("Ground II"); and (2) age discrimination in violation of the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.* ("Ground III") and FEHA ("Ground IV").[2] (*See generally* Compl.)

On May 29, 2014, Defendant filed the instant Motion seeking to dismiss both of Plaintiff's causes of actions. (*See* Mot. 3-6.)

II.   <u>DISCUSSION</u>

In reviewing a motion to dismiss under Rule 12(b)(6), a court may only consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "Dismissal can be based on the lack

---

[2] Plaintiff alleges additional causes of action in her Opposition. (*See* Opp'n 5-6, ECF No. 28.) In ruling on a 12(b)(6) motion, courts generally "may not consider material beyond the complaint." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Thus, the Court does not consider causes of action raised in Plaintiff's Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 14-00177 SJO (RZx)  DATE: August 6, 2014

of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto v. Glock*, 349 F.3d 1191, 1200 (9th Cir. 2003). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a plaintiff proceeds *pro se*, as here, the Court has a duty to construe her complaint liberally and hold it to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)) (internal quotation marks omitted).

  A. <u>First Cause of Action: Race Discrimination in Violation of Title VII and FEHA</u>

    1. <u>Title VII</u>

Defendant argues that Ground I (race discrimination in violation of Title VII) should be dismissed pursuant to Rule 12(b)(6) because Plaintiff's Complaint does not allege sufficient facts to establish that Plaintiff was Defendant's employee. (*See* Mot 3.) Plaintiff counters that the following facts demonstrate she was Defendant's employee: (1) the training materials used in orientation sessions were produced by Defendant; (2) tutors were required to follow Defendant's rules and guidelines; and (3) all students in the tutoring program were Defendant's students. (*See* Opp'n[3] 2; Compl. 4.)

Title VII prohibits employment discrimination based on race, national origin, color, sex, and religion by an employer against an employee. *See* 42 U.S.C. § 2000e, *et seq.* When determining whether a plaintiff is an employee or independent contractor under Title VII, courts consider "the hiring

---

[3] For ease of reference, pages in the Opposition are cited herein according to the page number on the filing stamp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 14-00177 SJO (RZx)          DATE: August 6, 2014

party's right to control the manner and means by which the product is accomplished." *Murray v. Principal Fin. Grp., Inc.*, 613 F.3d 943, 945 (9th Cir. 2010) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992)) (internal quotation marks omitted). Relevant to this inquiry are the following factors:

> [1] the skill required; [2] the source of the instrumentalities and tools; [3] the location of the work; [4] the duration of the relationship between the parties; [5] whether the hiring party has the right to assign additional projects to the hired part; [6] the extent of the hired party's discretion over when and how long to work; [7] the method of payment; [8] the hired party's role in hiring and paying assistants; [9] whether the work is part of the regular business of the hiring party; [10] whether the hiring party is in business; [11] the provision of employee benefits; and [12] the tax treatment of the hired party.

*Murray*, 613 F.3d at 945-46.

In order to withstand Defendant's Motion, Plaintiff must sufficiently allege that she was Defendant's employee and not an independent contractor. *See id.* Plaintiff's Complaint, however, contradicts her own allegation that she was Defendant's employee. First, Plaintiff represents that she applied to Academic Advantage, not Defendant. (Compl. 3.) Second, Plaintiff alleges that she signed an independent contractor agreement with Academic Advantage to be a "self-employed worker." (Compl. 4-5; Opp'n 2.) Plaintiff does not allege any communication between herself and Defendant with respect to Academic Advantage's hiring process nor does she allege any facts indicating that Defendant hired her or was involved in terminating her employment. (*See generally* Compl.) Importantly, Plaintiff does not allege sufficient facts to show that Defendant controlled the "manner and means" of Plaintiff's work. *See Murray*, 613 F.3d at 945. Plaintiff is silent as to whether Defendant supervised her work, controlled the location of her work, or provided her with instrumentalities or tools. (*See generally* Opp'n.) Although Plaintiff alleges that Defendant produced the training materials used at the orientation sessions and that she was required to abide by Defendant's rules and regulations, these allegations alone are factually insufficient to establish an employment relationship. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") citing *Twombly*, 550 U.S. at 557)).

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   CV 14-00177 SJO (RZx)            DATE:   August 6, 2014

      2.      FEHA

Defendant also argues that the Eleventh Amendment bars Plaintiff from pursuing her cause of action for race discrimination in violation of FEHA. (*See* Mot. 4.) Plaintiff does not address these arguments in her Opposition. (*See generally* Opp'n.)

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It prohibits actions against an arm of the state unless Congress expressly abrogates states' sovereign immunity or a state waives its sovereign immunity to allow an action to proceed. *See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). The Ninth Circuit has recognized that school districts in the State of California, such as Defendant, are "state agencies" entitled to sovereign immunity under the Eleventh Amendment. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992).

Here, Defendant argues that Plaintiff cannot pursue her claims under FEHA because Defendant, a state agency, has not waived its sovereign immunity. (*See* Mot. 4-5.) Plaintiff does not contest Defendant's assertion of sovereign immunity nor does Plaintiff indicate that Defendant forfeited this protection. (*See generally* Opp'n.) As such, Defendant's sovereign immunity under the Eleventh Amendment bars Plaintiff's race discrimination claim under FEHA. *See Katz v. Regents of the Univ. of California*, 229 F.3d 831, 834 (9th Cir. 2000) ("[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so.").

Accordingly, the Court **GRANTS** Defendant's Motion to dismiss Plaintiff's first cause of action for failure to state a claim (Ground I) and based on sovereign immunity (Ground II).

    B.    Second Cause of Action: Age Discrimination in Violation of the ADEA and FEHA

Defendant contends that sovereign immunity also precludes Grounds III and IV of Plaintiff's Complaint (age discrimination in violation of the ADEA and FEHA, respectively). (*See* Mot.5-6.) Again, Plaintiff does not address these arguments in her Opposition. (*See generally* Opp'n.)

The Supreme Court has held that the ADEA does not abrogate State's sovereign immunity. *See Kimmel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000) (finding invalid the ADEA's abrogation of states' sovereign immunity). Relying on *Kimmel* and maintaining that it has not waived its sovereign immunity, Defendant avers that Plaintiff is precluded from pursuing a claim under the ADEA. (*See* Mot 6; Reply 5, ECF No. 31.) Plaintiff does not counter Defendant's contention nor

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** <u>CV 14-00177 SJO (RZx)</u>          **DATE:** <u>August 6, 2014</u>

does she allege that Defendant has waived its immunity. (*See generally* Opp'n; Mot. 6.) The Eleventh Amendment therefore prevents Plaintiff from pursuing Ground III against Defendant.

Ground IV of Plaintiff's Complaint is similarly precluded. As discussed in the previous section, Defendant's sovereign immunity bars Plaintiff's allegations of discrimination in violation of FEHA. *See Katz*, 229 F.3d at 834.

Accordingly, the Court **GRANTS** Defendant's Motion to dismiss Plaintiff's second cause of action on the grounds that Defendant is entitled to sovereign immunity.

    C.    <u>Leave to Amend</u>

Even liberally construing the facts alleged in Plaintiff's Complaint in her favor, its deficiencies can not be cured by amendment. Plaintiff's repeatedly admits in her Complaint and Opposition that she was hired as an independent contractor (*see* Compl. 4, 5; Opp'n 2, 4, 7, 8), and she attaches the independent contractor agreement she signed to her Opposition (*see* Opp'n 11-12). Most significantly, Plaintiff is unable to allege any facts to show she applied to or was hired by Defendant. (*See generally* Compl.) The foregoing all demonstrate that, even if granted leave to amend, Plaintiff could not sufficiently allege that she was Defendant's employee. Moreover, the Eleventh Amendment bars Plaintiff from pursuing Grounds II, III, and IV against Defendant. The Court therefore does not grant Plaintiff leave to amend with respect to her claims against Defendant. *See Akhtar*, 698 F.3d at 1212.

III.    <u>RULING</u>

For the foregoing reasons, Defendant's Motion is **GRANTED**. Grounds I, II, III, and IV of Plaintiff's Complaint are **DISMISSED WITHOUT LEAVE TO AMEND** with respect to the claims brought against Defendant LAUSD only. All of Plaintiff's claims against Defendants Academic Advantage and Youth Policy Institute remain.

IT IS SO ORDERED.