| | |
|---|---|
| 1 | JASON R. DAWSON (SBN 208906) |
| 2 | jdawson@gordonrees.com<br>GORDON & REES LLP |
|   | 101 W. Broadway Suite 2000 |
| 3 | San Diego, CA  92101 |
|   | Telephone:   (619) 696-6700 |
| 4 | Facsimile:    (619) 696-7124 |
| 5 | Attorneys for Defendant |
|   | YOUTH POLICY INSTITUTE |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETRA ANN PARKER | ) | CASE NO.  14-cv-00177 (SJO)(RZx) |
|  | ) |  |
| Plaintiff, | ) | **NOTICE OF MOTION AND** |
|  | ) | **MOTION FOR JUDGMENT ON** |
| vs. | ) | **THE PLEADINGS PURSUANT** |
|  | ) | **TO RULE 12(C);** |
| ACADEMIC ADVANTAGE; YOUTH | ) | **MEMORANDUM OF POINTS** |
| POLICY INSTITUTE; and LOS | ) | **AND AUTHORITIES IN** |
| ANGELES UNIFIED SCHOOL | ) | **SUPPORT** |
| DISTRICT | ) |  |
|  | ) | Date:  February 20, 2015 |
| Defendants. | ) | Time:  10:00 a.m. |
|  | ) | Courtroom 1 |

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 14-CV-00177

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

TO THE COURT AND TO PLAINTIFF IN PRO SE,

PLEASE TAKE NOTICE THAT on February 20, 2015, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 1 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant Youth Policy Institute ("YPI") will move this Court for an Order granting its Motion for Judgment on the Pleadings pursuant to Fed. Rules of Civ. Proc. Rule 12(c). YPI brings this motion on the grounds that:

1. Plaintiff's first cause of action for race discrimination fails to state a claim upon which relief can be granted against YPI because Plaintiff fails to allege sufficient facts to support her Title VII and FEHA claims against YPI; and

2. Plaintiff's second cause of action for age discrimination fails to state a claim upon which relief can be granted against YPI because Plaintiff fails to allege sufficient facts to support her ADEA and FEHA claims against YPI.

This motion will be based on this Notice, the attached Memorandum of Points and Authorities filed concurrently herewith, all exhibits, papers, pleadings and documents contained on file, and upon all further oral and documentary evidence as may be presented at the time of hearing on this motion.

Dated: January 20, 2015		By:	*/s/ Jason R. Dawson*
						Jason R. Dawson
						Attorney for Defendant
						Youth Policy Institute

- 1 -
NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 14-CV-00177

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Petra Parker ("Plaintiff") alleges two causes of action against three purported Defendants. This motion is on behalf of Defendant Youth Policy Institute ("YPI"), the lone defendant after Defendants Los Angeles Unified School District and Academic Advantage were previously dismissed. YPI is entitled to dismissal as well.

The first cause of action for race discrimination and second cause of action for age discrimination both fail against YPI due to the same fatal flaw. Although Plaintiff asserts claims under both corresponding State and Federal statutes, she fails to meet the *prima facie* requirements to proceed as a plaintiff with proper standing.

All of the race and age discrimination statutes at issue require Plaintiff to either be an employee of YPI, or to have applied for employment with YPI. Her pleadings and sworn statements filed with the Court prove she was neither. Plaintiff applied to be a tutor with Defendant Academic Advantage, not with YPI. Accordingly, her Complaint must be dismissed against YPI.

## LEGAL ARGUMENT

Federal Rule of Civ. Proc. Rule 12(c) tests the legal sufficiency of claims asserted in a complaint to determine whether a viable legal cause of action has been stated. "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." F.R.C.P. Rule 12(c); *Strigliabotti v. Franklin Resources, Inc.,* 398 F.Supp.2d 1094, 1097 (N.D. Cal. 2005). A Rule 12(c) motion and a Rule 12(b)(6) motion to dismiss are virtually interchangeable. *Hal Roach Studios, Inc. v. Richard Feiner & Co.* 896 F.2d 1542, 1550 (9th Cir. 1983). The only differences between the two motions are timing because a motion to dismiss is filed before the answer and a motion for judgment on the pleadings is filed after the answer.

Since the same legal standard applies to both motions, YPI is entitled to a

dismissal on the same grounds Defendant LAUSD was dismissed – in particular, the fact that Plaintiff was hired by Academic Advantage as an independent contractor and she neither applied to, nor was employed by YPI.  Dismissal based on a Rule 12(c) motion is required when the complaint fails to allege facts sufficient to support a viable legal theory.  *Id.*, at 1550.  The Court does not need to accept as true conclusory allegations that contradict facts that may be judicially noticed.  *Steckman v. Hart Brewing, Inc.* 143 F.3d 1293, 1295-1296 (9th Cir. 1998.)

Here, the Court has already determined conclusively that Plaintiff was an independent contractor based on her complaint allegations and independent contractor agreement with Defendant Academic Advantage.  See, Document 35.  In granting LAUSD's motion to dismiss because it was not Plaintiff's employer, YPI must be similarly dismissed because it is not Plaintiff's employer.  Nothing Plaintiff could allege hereafter would change the facts that she was an independent contractor who applied to work for Academic Advantage, not YPI.

### A. Plaintiff Fails To State A Claim For Race Discrimination.

To set forth a *prima facie* case under Title VII for discrimination for failure to hire, a plaintiff must establish that (1) she is a member of the protected group; (2) she applied for and was qualified for a job for which the employer was seeking applicants; despite being qualified, she was rejected; and (4) another similarly situated employee not of her protected group was selected, or after her rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.  *Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1193 (9th Cir. 2003).  Likewise, the FEHA Gov. Code sec. 12940(a) bar on discirimination in hiring also requires the *prima facie* relationship between "an employer" and a refusal "to hire . . . employ . . . or select the person for a training program . . ."

Plaintiff unequivocally applied to Academic Advantage for a position as a tutor of K-12 students and she signed an independent contractor agreement with

- 3 -
NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 14-CV-00177

1 Academic Advantage. There are no allegations she applied to or was employed by
2 YPI. Plaintiff has not and cannot allege that YPI was seeking to employ tutors or
3 that she applied to YPI for that position. Therefore, the Court must dismiss
4 Plaintiff's racial discrimination claims under both Title VII and FEHA.

**B.     Plaintiff Fails To State A Claim For Age Discrimination.**

The exact same *prima facie* elements for a viable FEHA race discrimination claim apply to a FEHA age discrimination claim as both the race and age protected characteristic notations are set forth in Section 12940(a). As such, Plaintiff's FEHA age discrimination claim must be dismissed because she neither applied to nor was she employed by YPI.

The ADEA similarly prohibits discrimination based on age and, just like Title VII, the statute identifies the "employer", "employees" and "applicants." See, Age Discrimination Employment Act of 1967, 29 U.S.C. sec. 623(a) and (b). Since Plaintiff was neither an applicant or employee of YPI, her ADEA age discrimination claim fails as a matter of law.

## CONCLUSION

Based on the foregoing, Defendant YPI's motion for judgment on the pleadings should be granted in its entirety and Plaintiff's Complaint should be dismissed without leave to amend.

Dated: January 20, 2015           By:   */s/ Jason R. Dawson*
                                        Jason R. Dawson
                                        Attorney for Defendant
                                        Youth Policy Institute