| | UNITED STATES DISTRICT COURT | Priority |
| JS-6 | CENTRAL DISTRICT OF CALIFORNIA | Send |
| | | Enter |
| | CIVIL MINUTES - GENERAL | Closed |
| | | JS-5/JS-6 |
| | | Scan Only |

**CASE NO.:** <u>CV 14-00177 SJO (RZx)</u>    **DATE:** <u>February 12, 2015</u>

**TITLE:**    <u>Petra Ann Parker v. Academic Advantage, et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**            **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** [Docket No. 48]

This matter is before the Court on Defendant Youth Policy Institute's ("Defendant" or "YPI") Motion for Judgment on the Pleadings Pursuant to Rule 12(c) ("Motion"), filed on January 20, 2015. The other defendants in this case have already been dismissed. Plaintiff has not filed an Opposition despite an Order to Show Cause issued February 2, 2015. Plaintiff has also not filed any pretrial documents for the pretrial conference scheduled for February 17, 2015. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for February 20, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendant's Motion.

I.    <u>FACTUAL AND PROCEDURAL HISTORY</u>

The instant action arose out of the alleged discrimination by Academic Advantage, Youth Policy Institute, and Defendant against Plaintiff based on her race and age. (*See generally* Compl.,[1] ECF No. 3.) Plaintiff alleges the following facts.

Plaintiff identifies as an "African-American/Black" woman. (Compl. 9.) She is over 60 years old. (Compl. 9.) In November 2012, Plaintiff applied for the following positions with Academic Advantage: (1) Registration Representative, and (2) tutor for students in grades K-12 enrolled in LAUSD schools. (Compl. 3.) In December 2012, Plaintiff contacted Academic Advantage to inquire about the status of her application. (Compl. 3.) At that time, Academic Advantage's representative scheduled Plaintiff to attend tutoring orientation sessions on January 21, 2013 and February 2, 2013. (Compl. 3.) Plaintiff attended both sessions. (*See* Compl. 3-4.)

---

[1]   For ease of reference, pages in the Complaint are cited herein according to the page number on the filing stamp.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CIVIL MINUTES - GENERAL

CASE NO.:  CV 14-00177 SJO (RZx)          DATE: February 12, 2015

During these orientation sessions, administered by Youth Policy Institute, Plaintiff was the only "African-American/Black" female senior in attendance. (Compl. 3.) All training materials used in these sessions were produced by Defendant, and tutors were required to abide by all of Defendant's rules and guidelines. (*See* Compl. 3.) Plaintiff submitted her college transcripts and completed a background check as requested. (*See* Compl. 5.) During the second orientation session, on February 2, 2013, Plaintiff was "hired" along with three younger Hispanic women. (*See* Compl. 6.) They were issued a photo identification card and asked to devise a work schedule. (Compl. 4.) At the end of the session, all four women were ordered to wait in the lobby to receive a list of students to tutor. (Compl. 4.)

The three younger Hispanic women received students to tutor, but Plaintiff did not. (*See* Compl. 4.) After waiting in the lobby for fifteen minutes, the orientation instructor asked Plaintiff to leave before she received a list of students to tutor. (Compl. 4.) He told Plaintiff that she would be contacted about the job, but she never was. (Compl. 4.) Plaintiff alleges that she, the only "African American/Black" senior woman, was "terminated" because of her race and age. (*See* Compl. 6.) Plaintiff points to the hiring of the three younger Hispanic women as an indication that her termination was the result of discrimination. (*See* Compl. 6.)

On January 29, 2014, Plaintiff filed a Complaint against Academic Advantage, Youth Policy Institute, and Defendant in this Court. (*See generally* Compl.) Plaintiff asserts two causes of action: (1) race discrimination in violation of Title VII ("Title VII") of the Civil Rights Act of 1964 ("Ground I") and the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 ("Ground II"); and (2) age discrimination in violation of the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.* ("Ground III") and FEHA ("Ground IV"). (*See generally* Compl.)

On August 6, 2014, the Court dismissed Plaintiff's complaint against Defendant Los Angeles Unified School District for failure to state a claim. On October 22, 2014, the Court dismissed Plaintiff's complaint as to Defendant Academic Advantage for lack of prosecution. On January 29, 2014, Defendant Youth Policy Institute filed the instant Motion seeking to dismiss both of Plaintiff's causes of actions. (*See* Mot. 3-6.)

II.     DISCUSSION

Rule 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The principal difference between motions filed pursuant to [Federal Rule of Civil Procedure 12(b) ("Rule 12(b)")] and Rule 12(c) is the time of filing"; the two types of motions are "functionally identical." *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, as with a motion to dismiss pursuant to Rule 12(b), for the purposes of adjudicating a 12(c) motion, the factual allegations of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 14-00177 SJO (RZx)          DATE: February 12, 2015

non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the non-moving party. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1989); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (standard for 12(b)(6) motion); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (same). Judgment on the pleadings is appropriate when, accepting all material facts in the complaint as true, the moving party is entitled to judgment as a matter of law, *Fleming*, 581 F.3d at 925 (citations and footnote omitted), and no set of facts in support of his claim would entitle him to relief. *Sun Sav. & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir. 1987).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* However, the plaintiff must allege "plausible grounds to infer" that its claims rise "above the speculative level." *See Twombly,* 550 U.S. at 555-56.

Defendant argues that Plaintiff's race and age discrimination claims should be dismissed pursuant to Rule 12(c) because the pleadings do not allege sufficient facts to establish that Plaintiff was Defendant's employee. (*See* Mot 3.)

Title VII prohibits employment discrimination based on race, national origin, color, sex, and religion by an employer against an employee or job applicant. *See* 42 U.S.C. § 2000e, *et seq.* Similarly, FEHA prohibits employment discrimination by an employer against an employee or job applicant based on a large number of protected classes. *See* Cal. Gov't Code § 12940. Finally, the Age Discrimination in Employment Act ("ADEA") prohibits age discrimination by an employer against an employee or job applicant. *See* 29 U.S.C. § 623(a). In sum, all of Plaintiff's causes of action require that Plaintiff was employed by Defendant or applied for employment with Defendant.

In order to withstand Defendant's Motion, Plaintiff must sufficiently allege that she was Defendant's employee or applied for employment with Defendant. Plaintiff's Complaint does not allege either. Rather, Plaintiff's Complaint merely alleges that Defendant conducted training sessions in which she took part. (Compl. 3.) This allegation alone is factually insufficient to establish an employment relationship. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") citing *Twombly*, 550 U.S. at 557)). There are also no allegations that Plaintiff applied for employment with Defendant. (*See generally* Compl.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 14-00177 SJO (RZx)       **DATE:** February 12, 2015

Accordingly, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings with respect to all of Defendant's causes of action.

Even liberally construing the facts alleged in Plaintiff's Complaint in her favor, its deficiencies can not be cured by amendment. Plaintiff makes clear in her Complaint that she was an independent contractor to LAUSD and that Defendant merely conducted training sessions. (*See* Compl. 4, 5.) Plaintiff is unable to allege any facts to show she applied for employment with or was hired by Defendant. (*See generally* Compl.) The foregoing all demonstrate that, even if granted leave to amend, Plaintiff could not sufficiently allege that she was Defendant's employee. The Court therefore does not grant Plaintiff leave to amend with respect to her claims against Defendant. *See Akhtar*, 698 F.3d at 1212.

III.     RULING

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. This matter shall close.

IT IS SO ORDERED.